ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                            )
                                        )
Creek Services, LLC                     )        ASBCA No. 59127
                                        )
Under Contract No. W912P8-09-D-0045     )

APPEARANCE FOR THE APPELLANT:           Ms. Terri Hightower
                                        CEO

APPEARANCES FOR THE GOVERNMENT:         Thomas H. Gourlay, Jr., Esq.
                                          Engineer Chief Trial Attorney
                                        Denise D. Frederick, Esq.
                                          District Counsel
                                        J. Emmanuel I. Santa Teresa, Esq.
                                        William Meiners, Esq.
                                          Engineer Trial Attorneys
                                          U.S. Army Engineer District,
                                          New Orleans

OPINION BY ADMINISTRATIVE JUDGE TUNKS
ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Creek Services, LLC, (appellant) appeals the contracting officer's final decision (COFD) denying appellant's certified claim for $29,800 for providing additional seeding and $89,235 in "liquidated damages"[1] in connection with a contract to provide flood protection improvements in and around New Orleans.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

1. On 14 May 2009, the Corps awarded Multiple Award Task Order Contract (MATOC) No. W912P8-09-D-0045 to Creek Services for "Greater New Orleans Hurricane and Storm Damage Risk Reduction System" (R4, tab 52). Task Order No. 0003 was awarded to Creek on 25 September 2009 for flood protection improvements in the New Orleans area (R4, tab 8).

---

[1] The record does not contain a final decision assessing liquidated damages against appellant. We note, however, that in addition to $29,800 for seeding, appellant's claim requested an unspecified sum for 5 days of direct work and 59 days of impact.

2. Appellant submitted a request for equitable adjustment (REA) to the contracting officer (CO) on 3 January 2012. The REA included seven separate items including one for reseeding due to unusually severe weather. (R4, tab 3)

3. By letter dated 28 June 2013, Creek requested a final decision on its claim for reseeding (R4, tab 34).

4. On 18 July 2013 Creek asked for a meeting with the Corps –

> [A]bout all remaining open requests for contracting officer final decision[s] for the...project. Creek Services still has several more requests to submit, but we are willing to discuss the possibility of a global settlement for the project in exchange for a release of claims.

Cindy Nicholas, Chief of the Contracting Division, replied on the same day stating:

> I will talk with Jim [St. Germain] and get back with you.
> Internally we would have to discuss all outstanding issues.
> I will see if I can't get with Jim tomorrow to discuss and let you know.

(App. resp., appx. 1)

5. On 15 August 2013, appellant sent a second email to Ms. Nicholas stating it was in the process of preparing a claim for overzealous inspection, explained the nature of that potential claim and referenced other claims then pending for a CO's decision, including the instant claim for additional seeding. With respect to the total amounts of claims then pending before the CO, including the instant claim for additional seeding, and claims not yet submitted, but quantified, Creek stated that it was interested in settling the project and communicated a willingness for a global settlement of the contract for $725,000. (App. resp., appx. 2)

6. On 27 August 2013, the CO issued a final decision denying the claim for reseeding and that decision was received by Creek on 28 August 2013 (R4, tab 32). The final decision was issued over a month after appellant first proposed a global settlement.

7. By email of 5 September 2013, Creek inquired as to whether the Corps had a chance to review its global offer and stated that it would like an answer one way or the other (app. resp., appx. 3).

8. On 6 September 2013, Creek was advised that Timothy Black had replaced Cynthia Nicholas as the CO (app. resp., appx. 4). On 18 September 2013, Creek

reached out to Mr. Black and asked if he had had a chance to review its request for a global settlement (*id.*, appx. 5)

9. On 18 September 2013, Mr. Black received correspondence from Creek wanting to discuss their claims (Black decl., ¶ 5) and the parties met on 2 October 2013. According to Mr. Black's declaration, this was the only meeting they had, and they did not enter into negotiations about nor discuss the additional seeding claim. Nor did he reconsider or intend to reconsider the final decision on the seeding claim. (*Id.*, ¶ 6)

10. The CO issued a final decision on another Creek claim on 11 December 2013 which was received that same day by Creek (app. resp., appx. 8). Creek says it took receipt of this final decision as an indication that negotiations were concluded and that the global settlement offer was denied (app. resp. ¶ 11).

11. An appeal from the final decision denying the seeding claim was filed with the Board on 10 January 2014, 135 days after receipt of the final decision on 28 August 2013. In that notice of appeal, Creek states:

> This notice of appeal is being submitted after 90 days because it was part of a global offer submitted to USACE MVN on August 15, 2013 to settle all open issues on the aforementioned contract. This notice of appeal is being submitted with another issue that was part of the global offer. The global offer was rejected on December 11, 2013.
>
> The extended time period in rejecting the global offer was due to the government switching contracting officers on September 6, 2013.

(R4, tab 31)

## DECISION

Section 7104(a) of the Contract Disputes Act (CDA) of 1978 requires the contractor to file an appeal with an agency board of contract appeals within 90-days of the date on which a copy of the final decision is received. Appellant received a copy of the final decision on 28 August 2013, but did not file an appeal until 10 January 2014, almost five months later. (R4, tab 31) The government moves to dismiss the appeal as untimely. In its notice of appeal, appellant states that its claim was untimely because it was part of a global settlement offer allegedly submitted to the government on 15 August 2013 and rejected on 11 December 2013.

3

The 90-day period is statutory and may not be waived. *Cosmic Construction Co. v. United States*, 697 F.2d 1389, 1390 (Fed. Cir. 1982). However, we have previously held that the period may be vitiated if the CO was "reconsidering" the final decision. *Syntak Industries, Inc.*, ASBCA No. 52630, 00-2 BCA ¶ 31,023 at 153,219-20; *Ra-Nav Laboratories, Inc.*, ASBCA No. 49211, 96-2 BCA ¶ 28,514 at 142,396. It is the contractor's responsibility to come forward with evidence showing it reasonably could have concluded the CO's decision was being reconsidered. *Royal International Builders, Co.*, ASBCA No. 42637, 92-1 BCA ¶ 24,684 at 123,134-35.

Appellant has not presented any credible evidence showing that it reasonably could have concluded that the COFD was being reconsidered. It is significant that the final decision on the seeding claim was issued well after appellant initiated discussion about a global settlement and the evidence is clear the government did not reconsider the final decision.

Accordingly, the government's motion to dismiss for lack of jurisdiction is granted.

Dated: 1 July 2014

ELIZABETH A. TUNKS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59127, Appeal of Creek Services, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals